UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAN KWATE, on his own behalf and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>REECE CONSTRUCTION COMPANY, a For-Profit Corporation;[1] and STEVEN REECE[2] and the marital community thereof,<br><br>Defendants. | NO.<br><br>DEFENDANTS REECE CONSTRUCTION COMPANY'S AND STEVEN ANDREW JUSTIN REECE'S  NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION)<br><br>(CLERK'S ACTION REQUIRED) |

TO:    The Honorable Judges of the United States District Court of the Western District of Washington;

AND TO:    Plaintiff DAN KWATE;

AND TO:    Gregory Wolk, Hardeep Rekhi, and Cameron Mease of Rekhi & Wolk, P.S.

### I.    STATE COURT ACTION

1.    On or about February 2, 2023, Plaintiff Dan Kwate ("Plaintiff") filed a Summons and Complaint against Defendants Reece Construction Company ("Reece Construction"), a tribal corporation incorporated under the Tulalip Tribal Code, and Steven Andrew Justin Reece,

---

[1] Plaintiff has incorrectly identified Reece Construction Company as a "for profit corporation." The proper designation is "foreign profit corporation."

[2] Individual defendant is identified by Plaintiff as Steven Reece but his full name is Steven Andrew Justin Reece.

DEFS' NTC REMOVAL - Page 1

GORDON REES SCULLY MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

a member of the Tulalip Tribe (collectively "Tribal Defendants"), captioned *Dan Kwate v. Reece Construction Company, et al.*, in the Superior Court of the State of Washington for the County of King (the "State Court Action"). **Exhibit 1** (Complaint). On or about February 27, 2023, Plaintiff filed an Amended Complaint, under the same caption. **Exhibit 2** (Amended Complaint).

2. In his Amended Complaint, Plaintiff brings a putative class action against Tribal Defendants, asserting the following five claims for relief: (1) failure to provide rest periods in violation of RCW 49.12.020 and WAC 296-126-092 (Am. Compl. ¶¶ 5.1–5.12); (2) failure to provide meal periods in violation of RCW 49.12.020 and WAC 296-126-092 (Am. Compl. ¶¶ 6.1–6.10); (3) failure to pay wages in violation of Chapter 49.46 RCW, RCW 49.48.010, Chapter 49.28 RCW, WAC 296-127-022, and Seattle Municipal Code ("SMC") 14.19 *et seq.* and 14.20 *et seq.* (Am. Compl. ¶¶ 7.1–7.12); (4) failure to pay the prevailing wage in violation of Chapter 39.12 RCW (Am. Compl. ¶¶ 8.1–8.9); and (5) willful deprivation of wages in violation of RCW 49.52.050 (Am. Compl ¶¶ 9.1–9.6). *See* Notice of Removal, **Exhibit 2**.

## II.   BACKGROUND AND SUMMARY OF AMENDED COMPLAINT

3. Reece Construction is a "foreign for-profit corporation[] registered in the State of Washington." **Ex. 2**, ¶ 2.3. Specifically, Reece Construction is a tribal corporation incorporated under Tulalip Tribal Code § 14.05.440. *See* Declaration of Steven Andrew Justin Reece ("Reece Decl."); **Exhibits B, C**. The locations of Reece Construction's registered principal office and its registered agent are both located within the boundaries of the Tulalip Reservation.[3] *Id.*, at **Exhibit D**.

---

[3] *See Business Search*, Washington Secretary of State, available at https://ccfs.sos.wa.gov/#/Home (last visited Mar. 26, 2023). The Court may take judicial notice of facts not subject to reasonable dispute that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

DEFS' NTC REMOVAL - Page 2

GORDON REES SCULLY MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

4. Steven Andrew Justin Reece is a member of the Tulalip Tribe and is the sole shareholder of Reece Construction. *Id.* at *Id.* at ¶ 2, **Exhibit A**.

5. Plaintiff Dan Kwate is a citizen and resident of the State of Idaho. *Id.* at **Exhibit E** (establishing that Plaintiff was, at all time periods alleged in the complaint, an Idaho citizen). Plaintiff's initial Complaint, at ¶ 2.6, misrepresented that he is a resident of Washington. Plaintiff subsequently amended the complaint, striking this false allegation and thereby acknowledging that he is *not* a resident of Washington. *See* Am. Compl. ¶ 2.6. Although the amended complaint nevertheless fails to disclose Plaintiff's Idaho citizenship and residence, the Court may look *beyond* the four corners of the complaint to determine its own jurisdiction.[4]

### III.  BASIS FOR JURISDICTION

6. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). This court has original jurisdiction to hear actions arising under the laws of the United States pursuant to 28 U.S.C. § 1331.

**A.  Federal Question Jurisdiction Exists**

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331. "Where, as here, state law creates the cause of action," removal of the State Court Action is proper under 28 U.S.C. § 1441(a) "when 'a well-pleaded complaint establishes … that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1185–86 (9th Cir. 2022) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)). "A substantial federal question

---

[4] Although Tribal Defendants are removing on the basis of *federal question* jurisdiction, and not diversity jurisdiction or jurisdiction under the Class Action Fairness Act ("CAFA"), Plaintiff's Idaho citizenship and residency are determinative factors in assessing whether federal question jurisdiction is present when, as here, Plaintiff's purported right to relief under Washington or local law necessarily depends on resolution of substantial federal law issues. *See Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1185–86 (9th Cir. 2022) (concluding that, under these circumstances, courts must consider whether assertion of federal jurisdiction will disrupt the state-federal power balance).

DEFS' NTC REMOVAL - Page 3

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

exists when the question is '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Id.* (*Gunn v. Minton*, 568 U.S. 251, 258 (2013)). All four requirements are met here.

### (1) Federal Questions Are Necessarily Raised

8. Plaintiff's alleged right to relief under state and local law necessarily raises several federal issues under the U.S. Constitution, federal statutes, and federal common law: (1) whether Washington courts lack Congressional authority, as well as the adjudicative and legislative jurisdiction, to resolve state and local law claims against a tribal business and tribal citizen doing business on tribal land; (2) whether Tulalip courts have concurrent jurisdiction that preempts Washington and local law (or whether federal law preempts state and local law); (3) whether Plaintiff must first exhaust his remedies in Tulalip courts based on federal statute or comity principles; and (4) whether Tribal Defendants are immune from suit based on the Tulalip Tribe's unambiguous declaration of sovereign immunity from suit, which extends to "corporations" and "contractors" doing business within its borders.

9. *First*, as a product of tribe's historical sovereign status and Congressional plenary power over tribes, there is a substantial federal question of whether Washington courts lack the adjudicative or legislative jurisdiction to resolve local and state law claims brought against Reece Construction for alleged code violations occurring outside of the Tulalip Reservation. According to the amended complaint, Plaintiff seeks relief against a "foreign for-profit corporation," which is allegedly "within the jurisdiction" of the state, for alleged state and local law violations. *See* Am. Compl. ¶¶ 2.2–2.3, 5.1–9.6. Although Washington law is clear that Washington courts lack both the adjudicative and legislative jurisdiction to resolve state law

DEFS' NTC REMOVAL - Page 4

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

claims against Tribal Defendants for actions occurring *on* the Tulalip Reservation,[5] there is a substantial federal question of whether Washington has the adjudicative or legislative "jurisdiction" to resolve an action based on state and local law brought against a tribal "foreign" corporation, like Reece Construction, for actions occurring *outside* of tribal land. *See* Am. Compl. ¶¶ 2.2–2.3.

10. Further, the federal courts have accepted the extension of sovereign immunity to a tribal business enterprise because the tribal corporation is acting as an arm of the tribe. *See Cook v. AVI Casino Enters., Inc*., 548 F.3d 718, 725 (9th Cir. 2008). Here, Reece Construction, as a tribal corporation, conducts 75 percent of its business on the Tulalip Reservation, and earns 95 percent of its gross revenue out of Snohomish County, which directly benefits the Tulalip Tribe. *See* Reece Decl. at ¶ 8.

11. "Because of their sovereign status, [Indigenous] tribes and their reservation lands are insulated in some respects by an 'historic immunity from state and local control' …, and tribes retain any aspect of their historical sovereignty not 'inconsistent with the overriding interests of the National Government.'" *Ariz. v. San Carlos Apache Tribe of Ariz.*, 463 U.S. 545, 570–71 (1983) (citations omitted); *see also* Wash. Const. art. XXVI, § 2 (Washingtonians "do agree and declare that they forever disclaim all right and title to . . . all lands lying within said limits owned or held by any Indian or Indian tribes" and "said Indian lands shall remain under the absolute jurisdiction and control of the congress of the United States …").

12. Through the passage of Public Law 280 in 1953, as amended in 1968, Congress delegated certain powers to states to hear "civil causes of action between Indians or to which

---

[5] Because Washington law is clear that Washington courts lack jurisdiction to hear state and local claims against both Reece Construction and Mr. Reece for actions exclusively occurring *within* the Tulalip Reservation, the Court need not resolve a substantial *federal* question in concluding that Washington courts lack jurisdiction to hear claims based on activities within the reservation. *See* RCW 37.12.010 (providing assumption of state jurisdiction "shall not apply to Indians when on their tribal lands or allotted lands within an established Indian reservation and held in trust by the United States" with limited exceptions not present here).

DEFS' NTC REMOVAL - Page 5

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

Indians are parties." 28 U.S.C. § 1360(c). Nevertheless, "Public Law 280 certainly does not constitute a 'governing Act of Congress' which validates … interference with tribal immunity and self-government," and courts have never found Public Law 280 "to represent an abandonment of the federal interest in guarding Indian self-governance." *Three Affiliated Tribes of the Ft. Berhold Rsrv. v. Wold Eng'g*, 476 U.S. 877, 892 (1986). In other words, Public Law 280 authorizes state courts to hear civil suits involving individual tribal *citizens*, but there is a substantial federal question of whether the law authorized suits against the tribes themselves or tribal corporations doing business on tribal land. *See* Nell Jessup Newton *et al.*, Cohen's Handbook of Federal Indian Law ("Cohen") at 550–51 (2012).

13. Public Law 280 also curbs state jurisdiction over tribal citizens, like Mr. Reece, where the particular tribe *fails to consent* to state civil jurisdiction over its citizens. *See* 25 U.S.C. § 1326. Moreover, pursuant to binding Ninth Circuit case law, nothing in Public Law 280 subjects Mr. Reece or other tribal citizens to local regulation by the City of Seattle. *See Santa Rosa Band v. Kings County*, 532 F.2d 655 (9th Cir. 1975) (concluding tribes retain the power "to regulate matters of local concern within the area of its jurisdiction"). Undoubtedly, the question of whether and when a tribal corporation and tribal citizen doing business within reservation boundaries can be haled into a Washington court for alleged state and local wage violations, necessarily requires a resolution of substantial issues of federal law, including the scope and limits of Public Law 280.

14. *Second*, even assuming Public Law 280 delegated concurrent state jurisdiction over this action, whether Tulalip courts also have concurrent jurisdiction over this case "is a [separate] federal question under federal common law that supports jurisdiction in the federal courts under 28 U.S.C. § 1331." Cohen at 630 (citing *Nat'l Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845 (1985)); *see id.* at 598. There is a related federal question of whether tribal

DEFS' NTC REMOVAL - Page 6

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

or federal law preempts state law in this case. *See Montana v. United States*, 450 U.S. 544, 567 (1981) (determining whether tribe can apply its hunting and fishing regulations to conduct of nonmembers on non-Indian land within reservation").

15. In assessing claims of preemption, the Supreme Court has held: "[w]hen on-reservation conduct involving only Indians is at issue, state law is generally inapplicable." *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 144 (1980). But "more difficult questions arise where, as here, a State asserts authority over the conduct of non-Indians engaging in activity on the reservation." *Id.* "In such cases [courts] examine[] the language of the relevant *federal* treaties and statutes in terms of both the broad policies that underlie them and the notions of sovereignty that have developed from historical traditions of tribal independence." *Id.* at 144–45 (holding imposition of state taxes on non-tribal logging company was preempted by federal law and was therefore impermissible) (emphasis added). A tribe's claim of federal or tribal preemption is undoubtedly a sufficient basis for federal question jurisdiction. *See, e.g.*, *Segundo v. City of Rancho Mirage*, 813 F.2d 1387, 1389 (9th Cir. 1987) (dispute over whether federal Indian law preempts city rent-control ordinance as applied to non-Indians operating enterprise on restricted trust allotment lands is sufficient basis for federal question jurisdiction).

16. *Third*, there is a substantial federal question whether federal law requires exhaustion of tribal court remedies, either based on the express language of Public Law 280 or principles of comity. *See* Cohen at 560 ("It is proper to read Public Law 280 as incorporating a state exhaustion requirement where tribal courts exist."); *see also* 28 U.S.C. § 1360 ("Any tribal ordinance or custom . . . shall, if not inconsistent with any applicable civil law of the State, be given full force and effect in the determination of civil causes of the action"). The Ninth Circuit, in particular, "requires exhaustion in all cases relating to tribal affairs, including those that arise off-reservation and outside Indian country, even if no tribal court proceedings are pending, so

GORDON REES SCULLY MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

long as there is a colorable argument that the tribal court has jurisdiction over the case." *Cohen* at 631 (citing *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 920–21 (9th Cir. 2008)). Defendants here have a "colorable" exhaustion claim given that the Tulalip Tribe has a functioning court system that hears civil, criminal, and traffic-related matters involving tribal members and corporations.[6] Title 2 of the Tulalip Tribal Code provides a comprehensive governing framework for the administration of the Tulalip Tribal Courts, including civil and criminal procedure and rules governing special proceedings and appeals.

17.    *Fourth*, whether Tribal Defendants are entitled to invoke the Tulalip Tribe's express declaration of sovereign immunity is yet another substantial federal question that the Court must decide. Tulalip Tribal Code § 2.05.020(3) ("The Tulalip Tribes …, its agencies, enterprises, … corporations, or entities of any kind, and its … contractors … shall be immune from suit" unless "expressly, specifically, and unequivocally waived"). Although the availability of the tribal sovereign immunity defense, standing alone, is an insufficient basis for removal, "tribes may wish to avail themselves, when possible, of the experience, solicitude, and hope of uniformity that a federal forum offers on [such] federal issues." *Bodi v. Shingle Springs Band of Miwok Indians*, 832 F.3d 1011, 1023 (9th Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)); *see also Countour Spa at the Hard Rock, Inc. v. Seminole Tribe of Florida*, 692 F.3d 1200, 1207 (11th Cir. 2012) (concluding a tribe's "interests in adjudicating tribal immunity claims in a federal forum are considerable"). Tribal sovereignty means that Washington's laws "can have no force" on tribal corporations or members within tribal bounds unless and until Congress clearly ordains otherwise. *See Worcester v. Georiga*, 31 U.S. 515, 520 (1832). Moreover, "[n]othing in the removal statute, 28 U.S.C. § 1441, abrogates tribes' sovereign immunity." *Bodi*, 832 F.3d at 1021.

---

[6] Tulalip Tribes Tribal Court, available at https://www.tulaliptribalcourt-nsn.gov/ (last accessed Mar. 26, 2023).

DEFS' NTC REMOVAL - Page 8

GORDON REES SCULLY MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

18.     Plaintiff's allegations, while couched in terms of state law, nevertheless raise substantial federal questions under the laws of the United States, and would independently confer original jurisdiction on the federal courts. *See* 28 U.S.C. § 1331; *see* Cohen at 597 ("[F]ederal statutes grant federal courts subject matter jurisdiction to hear claims based on federal law, such as federal Indian law, and specifically to hear claims brought by federally recognized Indian tribes whose claims are raised under federal law.") (citing 28 U.S.C. § 1362); *see e.g., Segundo*, 813 F.2d at 1389.

**(2) The Federal Issues Are Actually Disputed**

19.     The federal issues embedded in Plaintiff's amended complaint—namely whether Washington courts have adjudicative or legislative "jurisdiction" over a tribal and "foreign for-profit corporation" and a tribal member, *see* Am. Compl. ¶¶ 2.2–2.3—are actually disputed. Plaintiff's allegations directly challenge Tribal Defendants' compliance with state and local laws, and their implementing rules and regulations. *See* Am. Compl. ¶¶ 5.1–9.6. In doing so, however, Plaintiff merely *assumes* that a tribal "foreign for-profit corporation" doing business on tribal land and its principal, who is also a tribal citizen, is "within the *jurisdiction*" of Washington courts. Am. Compl. ¶¶ 2.2–2.3. Tribal Defendants dispute that assumption: binding federal case law calls into question any Congressional delegation of state jurisdiction over Tribal Defendants' acts, even *off* the reservation. Tribal Defendants also assert that State Court Action is barred on federal or tribal preemption and/or tribal sovereign immunity grounds, or is otherwise improper for failure to exhaust tribal remedies. All of these questions require the Court to consult *federal* and not state law, both Public Law 280 and federal common law.

**(3)     Tribal Rights Are Important To the Federal System As a Whole**

20.     The federal issues raised by Plaintiff's amended complaint, including jurisdictional, preemption, exhaustion, and sovereign immunity issues involving Indigenous

DEFS' NTC REMOVAL - Page 9

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

tribes, are "substantial." The Supreme Court has held that federal courts have a "virtually unflagging obligation" to "exercise the jurisdiction given to them" over Indigenous affairs. *Colorado River Water Conservation Dist. v. United States ("Colorado River")*, 424 U.S. 800, 817 (1976); *Countour Spa*, 692 F.3d at 1207 (concluding a tribe's "interests in adjudicating tribal immunity claims in a federal forum are *considerable*."). In particular, "Congress's plenary authority over Indian affairs and the tradition of tribal immunity" embodied in federal common law "combine to preempt the operation of state law." *Cohen* at 489. "There are some claims where the preemptive character of federal law is so strong that it converts an ordinary state common-law complaint into a federal claim." *Carney v. Washington*, 551 F. Supp. 3d 1042, 1051 (W.D. Wash. 2021) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)). "The complete preemption doctrine applies when the class of claims by plaintiff is so necessarily federal that removal is always permitted, even if the federal issue is raised as a defense and does not appear on the face of plaintiff's well-pleaded complaint." *Lyons v. Ala. Teamsters Empl. Serv. Corp.*, 188 F.3d 1170, 1172 (9th Cir. 1999).

21.     In addition, the Ninth Circuit recognizes that "state courts have long been at least perceived as 'inhospitable to Indian rights.'" *Bodi*, 832 F.3d at 1023 (citation omitted). For example, although some states have adopted a rule of comity requiring exhaustion of tribal remedies, *see, e.g.*, *Drumm v. Brown*, 716 A.2d 50 (Conn. 1998), Washington courts do not always require exhaustion based on antiquated notions that state courts are superior forums. *See, e.g.*, *McCrea v. Denison*, 76 Wn. App. 395, 885 P.2d 856 (1994) (concluding "[s]tate courts … are a more appropriate forum for the resolution of" torts committed by tribal members on tribal land because such torts are "well settled by state statutes and state common law"); *see also Burrell v. Armijo*, 456 F.3d 1159, 1168 (10th Cir. 2006) ("Allegations of local bias and tribal court incompetence … are not exceptions to the exhaustion requirement."). This provides

DEFS' NTC REMOVAL - Page 10

GORDON REES SCULLY MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

another basis for this Court to invoke its "virtually unflagging obligation" to "exercise the jurisdiction given to them" over tribal affairs. *Colorado River*, 424 U.S. at 817.

### (4) Exercising Federal Jurisdiction Will Not Disrupt Federal-State Balance

22.  Because exercising jurisdiction over these claims would not "herald[] a potentially enormous shift of traditionally state cases into federal courts," it will not disrupt the federal-state balance approved by Congress. *Grable*, 545 U.S. at 319. The interpretation of Public Law 280 and federal common law—in determining whether Congress has delegated adjudicative or legislative jurisdiction to states to resolve state or local claims brought against tribal corporations or tribal members, on or off tribal land—should *not* be litigated in state courts. *See Bracker*, 448 U.S. at 980 (concluding courts must examine "the language of the relevant federal treaties and statutes in terms of both the broad policies that underlie them," including "notions of sovereignty" and "tribal independence," in determining "difficult questions" involving relations between tribal members and non-members "engaging in activity on the reservation").

23.  Federal courts have similarly concluded that issues of tribal and federal preemption, as well as tribal concurrent jurisdiction and exhaustion requirements, are "federal questions" within the meaning of 28 U.S.C. § 1331. *See e.g.*, *Segundo*, 813 F.2d at 1389 (whether federal Indian law preempts local law); *see also Crow Tribe*, 471 U.S. at 853 (claim that tribal court has no adjudicative jurisdiction over defendant raises federal question).

### IV.  PROCEDURAL REQUIREMENTS

24.  <u>Removal to this Court Is Proper</u>:  Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendants file this Notice of Removal in the United States District Court for the Western District of Washington, which is the federal district court embracing the state court where Plaintiff brought the State Court Action in King County, Washington. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 128(a). Under Local Civil Rule 3(e)(1),

DEFS' NTC REMOVAL - Page 11

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

removal to the Western District of Washington at Seattle is proper because a substantial part of the alleged events or omissions that give rise to the claims allegedly occurred in King County. **Exhibit 2**, ¶¶ 1.2, 2.1–2.3, 2.6, 4.3.

25. <u>Removal Is Timely</u>:  On or about March 14, 2023, Plaintiff served a copy of the Summons and Amended on Defendants. This Notice of Removal is filed within 30 days of Defendants' receipt of the Summons and Complaint, and is therefore timely filed and served pursuant to 28 U.S.C. § 1446(b).

26. <u>Signature</u>:  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

27. <u>Pleadings and Process</u>:  A true and correct copy of the Complaint and the Amended Complaint served on Defendants in the State Court Action is attached hereto as **Exhibit 1 & 2** *See* 28 U.S.C. § 1446(a) and Local Civil Rule 101(b).  The remaining pleadings filed in the State Court Action are also attached as **Exhibits 3 – 6**.

28. <u>Notice</u>:  Defendants will promptly serve Plaintiff and file with this Court its Notice to Plaintiff of Removal to Federal Court, informing Plaintiff that this matter has been removed to federal court.  28 U.S.C. §§ 1446(a), (d).  Defendants will also promptly file with the Clerk of the Superior Court of the State of Washington for the County of King, and serve on Plaintiff, a Notice to Clerk of Removal to Federal Court pursuant to 28 U.S.C. § 1446(d). Defendants attach as **Exhibit 7** to this Notice a copy of the notice to be filed with the state court.

WHEREFORE, Defendants respectfully give notice that the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington at Seattle.

GORDON REES SCULLY MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

| | |
|---|---|
| Dated: April 13, 2023. | GORDON REES SCULLY MANSUKHANI, LLP |
| | By: /s/ *Sarah N. Turner* <br> Sarah N. Turner, WSBA #37748 <br> Nicole E. Demmon, WSBA #45322 <br> 701 Fifth Avenue, Suite 2100 <br> Seattle, WA 98104 <br> Phone: (206) 695-5115 <br> Fax: (206) 689-2822 <br> sturner@grsm.com |
| | *Attorneys for Defendants Reece Construction Company and Steven Andrew Justin Reece* |

DEFS' NTC REMOVAL - Page 13

GORDON REES SCULLY MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

# CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the United States that I am over the age of 18, and on this date, I caused a copy of the foregoing to be filed with the CM/ECF filing system and served via email and US mail on:

Gregory A. Wolk
Hardeep S. Rekhi
Cameron K. Mease
Rekhi & Wolk, P.S.
529 Warren Ave. N., Suite 201
Seattle, WA  98109
greg@rekhiwolk.com
hardeep@rekhiwolk.com
cameron@rekhiwolk.com
*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

DATED this 13th day of April, 2023.

By: *s/Dot Brooks*
Dot Brooks, Legal Assistant
dbrooks@grsm.com

**CERTIFICATE OF SERVICE** – Page 1

GORDON REES SCULLY MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

1305740/76077647v.1