# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DAN KWATE,<br><br>                Plaintiff,<br><br>   v.<br><br>REECE CONSTRUCTION COMPANY, et al.,<br><br>                Defendants. | CASE NO. 2:23-cv-00570-BAT<br><br>**ORDER DENYING MOTION TO RECONSIDER** |

The Court **DENIES** Defendant's motion for reconsideration of the order granting Plaintiff's motion to remand this case. *See* Dkts. 33 and 34.

"Motions for reconsideration are disfavored." LCR 7(h)(1). Defendants have failed to demonstrate manifest error in the Remand Order or new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. *Id.*

Defendants' contentions the Court committed manifest errors of law do not hold water. The contention Plaintiff's complaint raises federal questions and thus federal question jurisdiction is false. An action arises under federal law only if the federal question appears on the face of the complaint. Here, Plaintiff's complaint alleges violations of the Revised Code of Washington (RCW), the Washington Administrative Code (WAC) and the Seattle Municipal Code (SMC). *See* Dkt. 1.

ORDER DENYING MOTION TO
RECONSIDER - 1

Removability "cannot be created by defendant pleading a counter-claim presenting a federal question." *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir.1985). Here, the complaint does not plead any claims arising under federal law. Accordingly, there was no original federal-question jurisdiction. Defendants assert Plaintiff's state-law based complaints contravenes or raised several federal issues as the supposed source of federal-question jurisdiction, but these assertions cannot and do not establish federal question jurisdiction for purposes of removal.

Defendants also claim the Court committed manifest error including "exhaustion of tribal remedies"; whether State law applies or is preempted; and whether Defendants enjoy sovereign immunity. Defendants raised the issues as grounds in opposition of remand. The Court finds no error in rejecting them as grounds that create federal question jurisdiction.

And lastly, Defendants claim they "never consented to referral to a Magistrate Judge." Dkt. 34 at 1. The record contradicts this claim. On April 14, 2023, the Court filed a Notice advising the parties this case was assigned to the undesigned Magistrate Judge under Second Amended General Order 02-19. Dkt. 5. The Notice also advised the parties consent to Magistrate Judge Tsuchida was voluntary and each party will be deemed to have knowingly and voluntarily consented to proceed before Magistrate Judge Tsuchida if the Notice form indicating declination of consent was not returned to the Court by April 21, 2023. *Id.*

Neither party declined consent and a docket entry that "Consent by all parties to proceed before a Magistrate Judge" was entered on April 24, 2023. Dkt. 9. On April 24, 2023, the Court also issued an Order Regarding Initial Disclosures, Joint Status Report and Early Settlement. Dkt. 10. Starting with the **first** line of the **first** page, the Order states:

    **I. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

ORDER DENYING MOTION TO
RECONSIDER - 2

| | |
|---|---|
| 1 | On April 14, 2023, the Court issued a Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent Form notifying the Parties this case has been assigned to United States Magistrate Judge Brian A. Tsuchida for all purposes, including trial, final entry of judgment, and direct review by the Ninth Circuit Court of Appeals. See Second Amended General Order 02−19. The Parties were advised consent to a Magistrate Judge is voluntary and any party may decline consent and request the case be assigned to a District Judge by signing and returning the Declination of Consent Form to the Court no later than April 21, 2023. The parties were further advised if the Court did not receive the Declination of Consent Form by the deadline, each party will be deemed to have knowingly and voluntarily consented to proceed before Magistrate Judge Tsuchida. As no party has declined consent by the deadline, the Court deems the Parties have knowingly and voluntarily consented to proceed before Magistrate Judge Tsuchida. **If this is incorrect, the parties should immediately contact Courtroom Deputy Any Quach** at andy_quach@wawd.uscourts.gov **and the case will be reassigned to a District Judge.** |

*Id.* at 1 (emphasis added). Defendant neither objected to the undersigned presiding over this matter nor filed a pleading that indicated they had not consented to the undersigned. Instead, Defendant and Plaintiff submitted numerous orders requesting this Court to grant extensions of time including extension of time for Plaintiff to file a motion to remand. *See e.g.,* Dkt. 20. The Court granted the parties' motions and set January 26, 2024, as the date by which a motion to remand must be filed. Dkt. 23.

On January 26, 2024, Plaintiff filed a motion to remand. Dkt. 25. Defendant filed a Response opposing the remand motion and a proposed order denying the motion for United States Magistrate Judge Brian Tsuchida to sign. Dkt. 29.

The record thus clearly and indisputably establishes that Defendants, who are represented by counsel, knowingly and voluntarily consented to the undersigned. The Court has twice raised the issue of consent with the parties and specifically requested the parties in the order for joint status report to immediately advise the Court if they had not consented. Neither party indicated

ORDER DENYING MOTION TO
RECONSIDER - 3

they had not given consent. Defendant also submitted a proposed order requesting the undersigned Magistrate Judge deny remand. Had the undersigned adopted Defendants' proposal, it would defy logic for Defendant to then claim the undersigned lacked the authority to issue the order. The record thus establishes the parties were advised multiple times they had the option and right to decline consent but expressly declined to exercise that right. A motion for reconsideration is not an opportunity for a losing party to attempt to rewind its prior decisions in order to get a second bite at the apple.

Additionally, Defendants' claim that there is a legal infirmity to the consent procedure utilized in this case is specious. Defendants argue that consent may be given only of a party files a written consent form indicating the party consents to the jurisdiction of a Magistrate Judge. Dkt. 34 at 8. Defendants raise this argument in disregard of the Court of Appeals for the Ninth Circuit's affirmance of this Court's consent procedures. As the Court of Appeals in *Stanfield v. Kijakazi,* 2023 WL 4311616 (9th Cir. July 3, 2023) stated in a challenge of a Magistrate Judge's dismissal of *pro se* complaint:

> The magistrate judge had jurisdiction to conduct proceedings and enter a final judgment in this action. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73. Pro se litigants may consent to magistrate jurisdiction by failing to return a declination-of-consent form "issued under the general orders and local rules of the Western District of Washington." *See Washington v. Kijakazi*, No. 22-35320, slip op. at 7 (9th Cir. July 3, 2023)[1] (holding that a pro se plaintiff impliedly consented to magistrate jurisdiction). Stanfield was sent and failed to return a declination-of-consent form with language almost identical to the form in Washington. Subsequently, the district court confirmed that the parties had consented to proceed before a magistrate judge, and Stanfield filed merits briefing before the magistrate judge without objection. He therefore impliedly consented to magistrate jurisdiction because he was apprised of his "need for consent and the right to refuse it, and still voluntarily appeared to try the case before the" magistrate

---

[1] *Washington v. Kijakazi*, 72 F.4th 1029 (2023).

judge. *Id*. at 14 (*quoting Roell v. Withrow*, 538 U.S. 580, 590 (2003)).

Defendants also disregard the Supreme Court's decision in *Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 683-684 (2015) in which the Court stated:

> Sharif contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be express. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent; it states only that a bankruptcy court must obtain "the consent"—consent *684 simpliciter—"of all parties to the proceeding" before hearing and determining a non-core claim. § 157(c)(2). And a requirement of express consent would be in great tension with our decision in *Roell v. Withrow*, 538 U.S. 580, 123 S.Ct. 1696, 155 L.Ed.2d 775 (2003). That 1948 case concerned the interpretation of § 636(c), which authorizes magistrate judges to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case," with "the consent of the parties."12 The specific question in *Roell* was whether, as a statutory matter, the "consent" required by § 636(c) had to be express. The dissent argued that "[r]eading § 636(c)(1) to require express consent not only is more consistent with the text of the statute, but also" avoids constitutional concerns by "ensur[ing] that the parties knowingly and voluntarily waive their right to an Article III judge." 538 U.S., at 595, 123 S.Ct. 1696 (opinion of THOMAS, J.). But the majority—thus placed on notice of the constitutional concern—was untroubled by it, opining that "the Article III right is substantially honored" by permitting waiver based on "actions rather than words." *Id*., at 589, 590, 123 S.Ct. 1696.

It is thus clear that Defendants' arguments regarding the law governing consent lacks any support. The Ninth Circuit has upheld the consent procedure used in this case, this Court took the extra step of asking the parties whether they had consented in issuing its order for joint status report, and the Supreme Court has specifically rejected Defendants' claim that consent can only be given if a party submits a written form indicated it has consented.

The Court accordingly rejects Defendants' claims they did not consent to the undersigned United States Magistrate Judge and that the Court has committed manifest error and ORDERS:

ORDER DENYING MOTION TO
RECONSIDER - 5

1. Defendants' motion for reconsideration, Dkt. 34, is DENIED.

2. The Clerk shall provide the parties a copy of this Order.

DATED this 11th day of March, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION TO
RECONSIDER - 6